# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

STEPHANIE L. STEWART,
            Appellant,

            v.

DEPARTMENT OF AGRICULTURE,
            Agency.

DOCKET NUMBER
DA-0351-11-0307-X-1

DATE: August 21, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Terrence J. Johns</u>, New Orleans, Louisiana, for the appellant.

<u>Sandy S. Francois</u> and <u>Thomas E. Dunn</u>, New Orleans, Louisiana, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1    On October 3, 2012, the administrative judge issued a recommended decision that the Board find, under the Board's regulations in effect at that time, the agency in non-compliance with the administrative judge's March 13, 2012

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

initial decision that became the Board's final decision on April 17, 2012. MSPB Docket No. DA-0351-11-0307-I-1, Initial Decision (ID) (Mar. 13, 2012). The Board had reversed the agency's action demoting the appellant from her position as a Contract Representative, GS-096207, pursuant to a reduction in force. The Board ordered the agency to reassess the appellant's qualifications for the positions of Program Analyst, GS-0343; Civilian Pay Technician, GS-0544; and Financial Management Assistant, GS-0503, at or below the GS-07 level. If the appellant was found qualified for one of these positions, the agency was ordered to cancel the appellant's demotion and place her in one of those positions, or a position of like grade, pay, tenure, and commuting area. The Board also ordered the agency to pay the appellant the appropriate amount of back pay, with interest, and to adjust her benefits with the appropriate credits and deductions. ID.

¶2        The administrative judge found that the agency had not met its burden to demonstrate compliance with the Board's order. MSPB Docket No. DA-0351-11-0307-C-1, Compliance Initial Decision (CID) (Oct. 3, 2012). The administrative judge therefore ordered the agency to provide documentation establishing that it had canceled the appellant's demotion, returned her to an appropriate position, and issued the appellant a check for the appropriate amount of back pay, with interest, and adjusted her benefits with the appropriate credits and deductions. CID. The matter was referred to the Board for consideration.[2] *See* 5 C.F.R. § 1201.183 (Jan. 1, 2012).

¶3        The agency has produced evidence establishing that it placed the appellant in the position of Financial Management Assistant, GS-0503, at the GS-07 Step 10 level, located in the Office of the Chief Financial Officer, effective December 4, 2011. MSPB Docket No. DA-0351-11-0307-X-1, Compliance Referral File

---

[2] Except as otherwise noted in this decision, we have applied the Board's regulations that became effective November 13, 2012. We note, however, that the petition for enforcement in this case was filed before that date. The revisions to 5 C.F.R. § 1201.183 do not affect our consideration of the merits of this compliance proceeding.

(CRF), Tab 9. The agency also produced evidence that it has paid the appellant for the back pay lost between January 2008 and her reinstatement in December 2011. CRF, Tab 14. The agency has detailed its calculation of interest on the back pay award, using the appropriate daily interest rates. *See* CRF, Tab 18 at 6-10. The information submitted by the agency indicates that a total of $7,348.80 in gross back pay and $909.77 in interest was paid to the appellant. CRF, Tab 18 at 11.

¶4    In response to the agency's submissions, the appellant argued that she should have been placed in a GS-0343-07/09/11 ladder position due to her qualifications. CRF, Tab 15. The appellant also argued that the agency's back pay calculations are not in the correct format. CRF, Tabs 15, 19.

¶5    We find that the agency has complied with the Board's order by placing the appellant in the position of Financial Management Assistant, GS-07. Contrary to the appellant's argument, the Board's Order did not require that she be placed in a GS-0343-07/09/11 career ladder position. Rather, the Board's Order required only that her qualifications be evaluated, and, if the qualifications were sufficient, that she be placed in a GS-07 level position. Notably, one of the three appropriate positions identified in the Board's Order was the position of Financial Management Assistant, GS-0503-07, the position in which the appellant was placed. IAF, Tab 31 at 25.

¶6    We also find that the agency has established compliance with the back pay requirement of the Board's Order. The agency has submitted documentation showing the daily compounding of interest on the back pay award. CRF, Tab 18. As the appellant has not made any specific allegation regarding what alternative format she believes this information should have been in, we reject the appellant's argument that the agency has not complied with this aspect of the Board's Order. *See* CRF, Tab 19.

¶7    We therefore find the agency in compliance and DISMISS the petition for enforcement. This is the final decision of the Merit Systems Protection Board in

this compliance proceeding. Title 5 of the Code of Federal Regulations, section 1201.183(c)(1) (5 C.F.R. § 1201.183(c)(1)).

## NOTICE TO THE APPELLANT REGARDING
## YOUR RIGHT TO REQUEST
## ATTORNEY FEES AND COSTS

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set out at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g). The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203. If you believe you meet these requirements, you must file a motion for attorney fees WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your attorney fees motion with the office that issued the initial decision on your appeal.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in

Title 5 of the United States Code, section 7703 ([5 U.S.C. § 7703](#)) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:        _____
                      William D. Spencer
                      Clerk of the Board

Washington, D.C.